IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FEDERAL INSURANCE COMPANY, an Indiana Corporation, | ) ) ) |
| Plaintiff, | ) |
| v. | ) ) |
| DANIEL A. D'ANIELLO, ANTHONY J. DeLUCA, PHILIP B. DOLAN, E. MARTIN GIBSON, FRANCIS J. HARVEY, JAMES C. MCGILL, RICHARD W. POGUE, ROBERT F. PUGLIESE, CHARLES W. SCHMIDT, HARRY J. SOOSE, and JAMES DAVID WATKINS, | ) ) ) ) ) ) ) ) )    2:05-cv-305 |
| Defendants, | ) ) |
| CONTINENTAL CASUALTY COMPANY, | ) ) |
| Movant. | ) |

## MEMORANDUM ORDER OF COURT

Before the Court for consideration and disposition are NON-PARTY CONTINENTAL CASUALTY COMPANY'S MOTION TO INTERVENE, with brief in support (*Document Nos. 7 & 8*), THE INDIVIDUAL DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO STAY THE PROCEEDINGS, with brief in support (*Document Nos. 12 & 13*), a MOTION TO DISMISS filed by defendant Harry J. Soose (*Document No. 18*), which joins in the Motion to Dismiss filed by the other defendants, FEDERAL INSURANCE COMPANY'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO STAY THE PROCEEDINGS (*Document No. 19*), and a REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE INDIVIDUAL DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO STAY THE PROCEEDING (*Document No. 21*).

In this action Plaintiff seeks a declaratory judgment that it has no duty to defend, indemnify and advance the costs of defense to Defendants, who are defendants in an adversary action filed in the United States Bankruptcy Court for the District of Delaware. Memo. in Supp.

at unnumbered 1.  In short, the adversary action "involves claims against the Individual Defendants in connection with their positions as former officers and/or directors of the IT Group, Inc." *Id.*  Plaintiff is currently paying the costs of Defendants' defense in that action.  Pltf's Mem. in Opp. at unnumbered 11.  Defendants contend that "Federal's Complaint should be dismissed as the claims against the individual defendants are not ripe for consideration," and, alternatively, that "this action should be stayed because allowing Federal to proceed will severely prejudice the individual defendants in the Trust Litigation."  Memo. in Supp. at 5, 8.

The Court finds and rules that this case is ripe for disposition.  "The function of the ripeness doctrine is to determine whether a party has brought an action prematurely, and counsels abstention until such time as a dispute is sufficiently concrete to satisfy the constitutional and prudential requirements of the doctrine."  *Peachlum v. City of York, Pennsylvania*, 333 F.3d 429, 433 (3d Cir. 2003) (citations omitted).  The Third Circuit's decision in *Step-Saver Data Systems, Inc. v. Wyse Technology*, 912 F.2d 643 (3d Cir.1990), requires that the Court ask three questions: "1) whether the parties' interests are sufficiently adverse; 2) whether the court can issue a conclusive ruling in light of potentially evolving factual developments; and 3) whether the decision will render practical help to the parties."  *Peachlum*, 333 F.3d at 435 (citation omitted).  There is no doubt that the financial interests of Plaintiff and Defendants are sufficiently adverse to warrant this action, that the Court is able to issue a conclusive ruling on the issues, and that a decision regarding the rights and duties of the parties under the insurance contract will render practical help to the parties.  Therefore, the Court will not dismiss this action due to a lack of ripeness.

The Court also finds and rules that this action should not be stayed.  The Third Circuit "has set out the following general guidelines for the exercise of discretion under the [Declaratory Judgment] Act: (1) the likelihood that the declaration will resolve the uncertainty of obligation which gave rise to the controversy; (2) the convenience of the parties; (3) the public interest in a settlement of the uncertainty of obligation; and (4) the availability and relative convenience of

other remedies." *Terra Nova Ins. Co. Ltd. v. 900 Bar, Inc.*, 887 F.2d 1213, 1224 (3d Cir. 1989). The resolution of this case will clearly resolve the parties' rights under the insurance contract, and therefore the first factor does not weigh in favor of a stay. As for the convenience of the parties, it would be inconvenient for Defendants to litigate two cases in two fora at the same time, but the Court does consider such inconvenience as sufficient to warrant a stay of the action. The third factor, the settlement of the parties' rights under the insurance contract, will not truly affect the public at large. However, the timely adjudication of litigants' rights and duties under a contract is generally in the public interest. As for the fourth factor, the availability and relative convenience of other remedies, the Court is unaware of any other available and convenient remedy which would resolve the instant dispute. The Court also recognizes the arguable factual overlap between the instant action and the adversary action in Delaware. However, the two actions are not "parallel actions" which involve identical claims in state and federal court, and the apparent factual overlap is not of sufficient magnitude to warrant a stay of this action. Therefore, the Court declines to stay this action.

    NOW THEREFORE, this 6th day of February, 2006, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

1)    Non-Party Continental Casualty Company's Motion to Intervene (*Document No. 7*), which is unopposed, is **GRANTED** and Continental Casualty Company shall file its Complaint in Intervention on or before **February 13, 2006**;

2)    The Individual Defendants' Motion to Dismiss, or in the Alternative, to Stay the Proceedings (*Document No. 12*) and the Motion to Dismiss filed by Harry J. Soose (*Document No. 18*), are **DENIED**;

3)    All defendants shall file an answer to Plaintiff's Complaint For Declaratory Judgment and the Complaint in Intervention on or before **February 27, 2006**; and

4) It is further **ORDERED** that the caption of this action is amended to hereafter read as follows:

| | | |
|---|---|---|
| FEDERAL INSURANCE COMPANY, an Indiana Corporation, and CONTINENTAL CASUALTY COMPANY,<br>         Plaintiffs,<br>     v.<br>DANIEL A. D'ANIELLO, ANTHONY J. DeLUCA, PHILIP B. DOLAN, E. MARTIN GIBSON, FRANCIS J. HARVEY, JAMES C. MCGILL, RICHARD W. POGUE, ROBERT F. PUGLIESE, CHARLES W. SCHMIDT, HARRY J. SOOSE, and JAMES DAVID WATKINS,<br>         Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 2:05-cv-305 |

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc:   Karen Y. Bonvalot, Esquire
        Email: kbonvalot@klettrooney.com

        Peter K. Rosen, Esquire
        Email: peter.rosen@lw.com
        Ethan J. Brown, Esquire
        Email: ethan.brown@lw.com

        Larry K. Elliott, Esquire
        Email: lelliott@cohenlaw.com

        David J. Strasser, Esquire
        Email: dstrasser@eckertseamans.com

        Charles A. De Monaco, Esquire
        Email: cdemonaco@dmclaw.com

        Thomas V. Gebler, Jr., Esquire
        Email: tgebler@margolisedelstein.com

        Frederick W. Thieman, Esquire
        Email: fwt@thiemanward.com

        Leslie S. Ahari, Esquire
        Pamela L. Wahl, Esquire
        Ross, Dixon & Bell
        2001 K Street, NW
        Washington, DC 20006-1040