IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FEDERAL INSURANCE COMPANY, an Indiana Corporation, | ) ) ) |
| Plaintiff, | ) |
| v. | ) ) |
| CONTINENTAL CASUALTY COMPANY, | ) ) |
| Intervenor Plaintiff, | ) ) |
| v. | ) |
| DANIEL A. D'ANIELLO, ANTHONY J. DeLUCA, PHILIP B. DOLAN, E. MARTIN GIBSON, FRANCIS J. HARVEY, JAMES C. MCGILL, RICHARD W. POGUE, ROBERT F. PUGLIESE, CHARLES W. SCHMIDT, HARRY J. SOOSE, and JAMES DAVID WATKINS, | ) 2:05cv305 ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## ORDER OF COURT

Before the Court for consideration and disposition are FEDERAL INSURANCE COMPANY'S MOTION TO BIFURCATE AND STAY, with brief in support ("Motion" and "Brief") (*Document Nos. 44 & 45*), the OPPOSITION OF DEFENDANTS AND COUNTERCLAIMANTS DANIEL D'ANIELLO, PHILIP B. DOLAN, E. MARTIN GIBSON, FRANCIS J. HARVEY, JAMES C. MCGILL, RICHARD W. POGUE, ROBERT F. PUGLIESE, CHARLES W. SCHMIDT, JAMES DAVID WATKINS AND ANTHONY J. DELUCA TO FEDERAL INSURANCE COMPANY'S MOTION TO BIFURCATE AND STAY ("Individual Defendants' Brief in Opposition") (*Document No. 46*), and FEDERAL INSURANCE COMPANY'S MEMORANDUM OF LAW IN REPLY TO DEFENDANTS' OPPOSITION TO THE MOTION TO BIFURCATE AND STAY ("Reply") (*Document No. 48*).

Plaintiff Federal Insurance Company ("Plaintiff") contends that Defendants' counterclaims for bad faith and breach of contract should be bifurcated and stayed pending the resolution of its declaratory judgment claims (and Defendants' declaratory judgment

counterclaims). Specifically, Plaintiff contends that bifurcation and stay are warranted because 1) the issues of coverage under the director and officer ("D & O") policy at issue are "separate and distinct claims," 2) the evidence needed to resolve the bad faith counterclaim is "markedly different from and largely irrelevant to the resolution of the parties' coverage claims," 3) Defendants will suffer no prejudice due to bifurcation, and 4) "the presentation of evidence related to the bad faith counterclaims will create a substantial risk of prejudice to Federal." Motion at unnumbered 1-2.

The Court was initially inclined to deny the Motion, but upon further reflection agrees with Plaintiff that "it just makes good common sense to resolve the declaratory judgment claims first because, *inter alia*, these are the only claims that involve all of the Plaintiffs and all of the Defendants and are the only claims that are susceptible to judicial resolution as a matter of law and with little or no discovery necessary." Reply at 2 (emphasis in original).

NOW THEREFORE, this 16th day of May, 2006, it is hereby **ORDERED, ADJUDGED and DECREED** that Plaintiff's Motion to Bifurcate and Stay is **GRANTED**. It is further **ORDERED** that the declaratory judgment claims and counterclaims contained in Counts I-IV of Federal's Complaint; Counts One, Two, Six and Seven of the Individual Defendants' Counterclaim; and Counts One, Two and Six of Defendant DeLuca's Counterclaim (collectively the "Declaratory Judgment Claims and Counterclaims") are **BIFURCATED** from the remaining counterclaims for breach of contract and/or bad faith. It is further **ORDERED** that all discovery and litigation pertaining to the remaining counterclaims for breach of contract and/or bad faith is hereby **STAYED** pending the resolution of the Declaratory Judgment Claims and Counterclaims.

The parties are granted a sixty (60) day discovery period regarding the Declaratory Judgment Claims and Counterclaims. In conformance with Local Rule 56.1, **Motions for Summary Judgment** with affidavits, evidentiary material, statement of undisputed material facts and accompanying brief(s) shall be filed within thirty (30) days thereafter. A Response to said motion and seriatim reply to the statement of undisputed material facts with accompanying brief

shall be filed within 30 days thereafter.  Briefs shall not exceed twenty (20) pages, excluding the statement of undisputed material facts and tables/exhibits.  Reply briefs are not encouraged, but may be filed without leave of Court within 15 days of the filing of the Response and shall not exceed 5 pages.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc:     Karen Y. Bonvalot, Esquire
        Email: kbonvalot@klettrooney.com

        Peter K. Rosen, Esquire
        Email: peter.rosen@lw.com

        Ethan J. Brown, Esquire
        Email: ethan.brown@lw.com

        Larry K. Elliott, Esquire
        Email: lelliott@cohenlaw.com

        David J. Strasser, Esquire
        Email: dstrasser@eckertseamans.com

        Charles A. De Monaco, Esquire
        Email: cdemonaco@dmclaw.com
        Thomas V. Gebler, Jr., Esquire
        Email: tgebler@margolisedelstein.com

        Frederick W. Thieman, Esquire
        Email: fwt@thiemanward.com

        Leslie S. Ahari, Esquire
        Email: lahari@rdblaw.com

        Pamela L. Wahl, Esquire
        Email: pwahl@rdblaw.com