IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FEDERAL INSURANCE COMPANY, an Indiana Corporation, | ) ) ) |
| Plaintiff, | ) |
| v. | ) ) |
| CONTINENTAL CASUALTY COMPANY, | ) ) |
| Intervenor Plaintiff, | ) ) |
| v. | ) ) |
| DANIEL A. D'ANIELLO, ANTHONY J. DeLUCA, PHILIP B. DOLAN, E. MARTIN GIBSON, FRANCIS J. HARVEY, JAMES C. MCGILL, RICHARD W. POGUE, ROBERT F. PUGLIESE, CHARLES W. SCHMIDT, HARRY J. SOOSE, and JAMES DAVID WATKINS, | ) 2:05-cv-305 ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Before the Court for consideration and disposition are THE INDIVIDUAL DEFENDANTS' EVIDENTIARY OBJECTIONS AND MOTION TO STRIKE EVIDENCE CITED IN SUPPORT OF PLAINTIFF FEDERAL INSURANCE COMPANY'S MOTION FOR PARTIAL SUMMARY JUDGMENT *(Document No. 129)*, the INDIVIDUAL DEFENDANTS' MOTION FOR CONTINUANCE *(Document No. 131)*, the Individual Defendants' MOTION TO STRIKE AND EVIDENTIARY OBJECTIONS TO DECLARATION OF GABRIELA RICHEIMER *(Document No. 136)*, the MOTIONS TO STRIKE DECLARATION OF KENNETH N. KLEE by Continental Casualty Company and Federal Insurance Company *(Document Nos. 149, 154)*, and THE INDIVIDUAL DEFENDANTS' EVIDENTIARY OBJECTIONS AND MOTION TO STRIKE EVIDENCE CITED IN FEDERAL'S RESPONSE TO INDIVIDUAL DEFENDANTS' CONCISE STATEMENT OF MATERIAL FACTS *(Document No. 164)*. These motions have been extensively briefed and are ripe for resolution. The Court notes that these skirmishes regarding the evidentiary record must be resolved before

the Court is able to address the more substantive issues presented by the parties' numerous outstanding motions for summary judgment. After a thorough review of the motions and briefs, the Court will deny each of the motions. The Court is concerned that the parties and/or their counsel are taking positions that do not comply with the spirit of the Federal Rules of Civil Procedure regarding discovery. The Court will not tolerate such conduct in the future and if similar litigiousness persists, the Court may entertain motions for sanctions and/or exercise more stringent case management oversight.

The Individual Defendants' motions are easily denied. The motions to strike are essentially without merit. Federal Rule of Civil Procedure 56(e) provides that affidavits "shall set forth such facts as would be admissible in evidence." The Court has no doubt that Federal Insurance will be able to properly authenticate the documents that Individual Defendants' seem so anxious to avoid. It is particularly inappropriate for a party to object to the authenticity of documents which it produced. The Individual Defendants' hearsay and relevance objections are similarly ill-founded and it does not appear that Federal improperly withheld information relating to Soose. The Court rejects the Individual Defendants' request for sanctions under Federal Rule of Civil Procedure 37. The motion for continuance represents a third attempt to advance an argument which the Court has already rejected twice before, in ruling on the Individual Defendants' motion to compel and Federal's motion for protective order. The suggestion that the Individual Defendants were deprived of an opportunity to undertake discovery is specious. The Case Management Order bifurcated the breach of contract and bad faith claims from the legal interpretation of contract language issues on which little or no discovery appears to have been necessary. Nevertheless, the Individual Defendants engaged in extensive discovery. The Court will not permit any further discovery exploration at this point, as it will lead to additional delay and expense. If the Court concludes that the "reasonable expectations doctrine" is applicable, the parties may be given a reasonable opportunity to conduct additional discovery regarding the facts necessary to analyze that doctrine.

The motions to strike the expert report of Kenneth Klee will also be denied. As the Individual Defendants properly point out, Rule 56(e) contemplates the use of affidavits to oppose motions for summary judgment. Prior disclosure of the Klee report was not mandated by either Federal Rule of Civil Procedure 26 (which applies to use at trial) or by the Case Management Order. Continental and Federal will be permitted to substantively challenge any attempted use of the Klee Report at trial as and if appropriate at the time.

NOW THEREFORE, this 16th day of October, 2006, it is hereby **ORDERED, ADJUDGED and DECREED** that THE INDIVIDUAL DEFENDANTS' EVIDENTIARY OBJECTIONS AND MOTION TO STRIKE EVIDENCE CITED IN SUPPORT OF PLAINTIFF FEDERAL INSURANCE COMPANY'S MOTION FOR PARTIAL SUMMARY JUDGMENT *(Document No. 129)*, the INDIVIDUAL DEFENDANTS' MOTION FOR CONTINUANCE *(Document No. 131)*, the Individual Defendants' MOTION TO STRIKE AND EVIDENTIARY OBJECTIONS TO DECLARATION OF GABRIELA RICHEIMER *(Document No. 136)*, the MOTIONS TO STRIKE DECLARATION OF KENNETH N. KLEE by Continental Casualty Company and Federal Insurance Company *(Document Nos. 149, 154)*, and THE INDIVIDUAL DEFENDANTS' EVIDENTIARY OBJECTIONS AND MOTION TO STRIKE EVIDENCE CITED IN FEDERAL'S RESPONSE TO INDIVIDUAL DEFENDANTS' CONCISE STATEMENT OF MATERIAL FACTS *(Document No. 164)* are **DENIED**.

        BY THE COURT:

        s/ Terrence F. McVerry
        United States District Court Judge

cc: Karen Y. Bonvalot, Esquire
Email: kbonvalot@klettrooney.com

Gabriela Richeimer, Esquire
Email: gricheimer@rdblaw.com

Peter K. Rosen, Esquire
Email: peter.rosen@lw.com

Ethan J. Brown, Esquire
Email: ethan.brown@lw.com

Larry K. Elliott, Esquire
Email: lelliott@cohenlaw.com

David J. Strasser, Esquire
Email: dstrasser@eckertseamans.com

Charles A. De Monaco, Esquire
Email: cdemonaco@dmclaw.com

Thomas V. Gebler, Jr., Esquire
Email: tgebler@margolisedelstein.com

Frederick W. Thieman, Esquire
Email: fwt@thiemanward.com

Leslie S. Ahari, Esquire
Email: lahari@rdblaw.com

Pamela L. Wahl, Esquire
Email: pwahl@rdblaw.com

Kelly F. Farmer, Esquire
Email: Kelly.Farmer@lw.com

Frederick W. Thieman, Esquire
Email: fwt@thiemanward.com