IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FEDERAL INSURANCE COMPANY, an Indiana Corporation, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| DANIEL A. D'ANIELLO, ANTHONY J. DeLUCA, PHILIP B. DOLAN, E. MARTIN GIBSON, FRANCIS J. HARVEY, JAMES C. MCGILL, RICHARD W. POGUE, ROBERT F. PUGLIESE, CHARLES W. SCHMIDT, HARRY J. SOOSE, and JAMES DAVID WATKINS, | ) ) ) ) ) ) ) ) )     2:05cv305 |
| Defendants, | ) ) |
| CONTINENTAL CASUALTY COMPANY, | ) ) |
| Movant. | ) |

## MEMORANDUM OPINION AND ORDER OF COURT

Before the Court for consideration and disposition is a MOTION FOR RECONSIDERATION, with brief in support filed by Federal Insurance Company ("Federal") (*Document Nos. 183 & 184*).[1] The issues have been thoroughly briefed, the Court entertained oral argument on January 4, 2007, and the motion is ripe for disposition. Federal asks the Court to reconsider its Memorandum Opinion and Order dated November 22, 2006, in which the Court resolved the parties' motions for summary judgment as to the applicability of the IVI Exclusion.

Generally speaking, a motion for reconsideration will only be granted if: (1) there has been an intervening change in controlling law; (2) new evidence, which was not previously available, has become available; or (3) necessary to correct a clear error of law or to prevent manifest injustice. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985), *cert. denied*, 47

---

[1] Also pending before the Court is THE INDIVIDUAL DEFENDANTS' MOTION FOR LEAVE TO AMEND COUNTERCLAIM AND FOR LEAVE TO FILE SUPPLEMENTAL COUNTERCLAIM AGAINST FEDERAL INSURANCE COMPANY (*Document No. 178*), which will be addressed in a separate order.

U.S. 1171 (1986). Federal primarily contends that the Court's refusal to permit discovery as to the parties' intent regarding the meaning of the term "IT Group," after finding the term to be ambiguous, was a manifest injustice.[2]

Federal's Motion for Reconsideration will be denied. Federal cites no intervening change in controlling law since November 22, 2006, nor has Federal presented any new evidence that was not previously available. There has been no clear error of law nor any manifest injustice. The Court's primary holding in the underlying opinion was that the IVI Exclusion unambiguously did not apply because the IT Litigation Trust Action was not brought by or on behalf of an Insured. *See, e.g.* Memorandum Opinion at 20. The "finding" of ambiguity upon which Federal primarily premises its Motion for Reconsideration occurred only in the context of the Court's assumption, *arguendo*, that the term might be ambiguous for the purpose of an alternative analysis. *See* Memorandum Opinion at 25. Because the Court concluded that the language at issue was not ambiguous, there is no need for discovery. Indeed, Federal's proposed discovery regarding the term "Insured" would not resolve the additional ambiguity the Court assumed to exist in the term "on behalf of." Moreover, even though earlier orders in the instant case contemplated additional discovery upon a finding of ambiguity, the Supreme Court of Pennsylvania issued an intervening decision which clarified that such discovery would be futile. As more fully explained in the November 22, 2006 Memorandum Opinion, in *Prudential Property and Casualty Ins. Co. v. Sartno*, 903 A.2d 1170 (Pa. 2006), the Court held that once language in an insurance contract is determined to be ambiguous (i.e., susceptible to more than one reasonable interpretation), that language must be construed against the insurer. Thus, Federal would not be entitled to additional discovery under either of the alternative rationales for the Court's November 22, 2006 order. The Court adheres to and reaffirms the analysis and conclusions in the November 22, 2006 Memorandum Opinion.

---

[2]Federal's argument based on General Condition 8 of the Policy is waived because Federal raised that contention for the first time in its Motion for Reconsideration.

<u>Conclusion</u>

For the reasons hereinabove stated, Federal's Motion for Reconsideration will be denied. An appropriate Order follows.

McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FEDERAL INSURANCE COMPANY**, an Indiana Corporation, | ) ) ) |
| Plaintiff, | ) |
| v. | ) ) |
| **DANIEL A. D'ANIELLO, ANTHONY J. DeLUCA, PHILIP B. DOLAN, E. MARTIN GIBSON, FRANCIS J. HARVEY, JAMES C. MCGILL, RICHARD W. POGUE, ROBERT F. PUGLIESE, CHARLES W. SCHMIDT, HARRY J. SOOSE, and JAMES DAVID WATKINS,** | ) ) ) ) ) ) ) ) )   2:05cv305 |
| Defendants, | ) ) |
| **CONTINENTAL CASUALTY COMPANY,** | ) ) |
| Movant. | ) |

## ORDER OF COURT

AND NOW, this 5th day of June, 2006, it is hereby ORDERED, ADJUDGED and DECREED that the MOTION FOR RECONSIDERATION filed by Federal Insurance Company (*Document No. 183*) is **DENIED.**

s/ Terrence F. McVerry
United States District Court Judge

cc: Karen Y. Bonvalot, Esquire
Email: kbonvalot@klettrooney.com

Peter K. Rosen, Esquire
Email: peter.rosen@lw.com
Ethan J. Brown, Esquire
Email: ethan.brown@lw.com

Larry K. Elliott, Esquire
Email: lelliott@cohenlaw.com

David J. Strasser, Esquire
Email: dstrasser@eckertseamans.com

Charles A. De Monaco, Esquire
Email: cdemonaco@dmclaw.com

Thomas V. Gebler, Jr., Esquire
Email: tgebler@margolisedelstein.com

Frederick W. Thieman, Esquire
Email: fwt@thiemanward.com

Leslie S. Ahari, Esquire
Pamela L. Wahl, Esquire
Ross, Dixon & Bell
2001 K Street, NW
Washington, DC 20006-1040